### Andrew Kuykendall v. The State.

#### No. 783. Decided November 9, 1910.

##### 1.—Assault to Murder—Continuance.

Where the application for continuance was made for the absence of a witness who was shown by other witnesses not to have been present at the time of the alleged assault, and whose testimony would not have been material on the trial, there was no error in overruling same.

##### 2.—Same—Charge of Court—Practice on Appeal.

Where the requested charge is not embodied in the transcript, the same can not be considered on appeal.

##### 3.—Same—Preparation for Trial.

Where, upon appeal from a conviction of assault to murder, there appeared nothing of record to support the contention of appellant that he had no time to make arrangements for trial, there was no error.

##### 4.—Same—Sufficiency of the Evidence.

Where, upon trial of assault with intent to murder, the evidence sustained the charge, the conviction will not be disturbed.

Appeal from the District Court of San Patricio. Tried below before the Hon. E. A. Stevens.

Appeal from a conviction of assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was allotted two years in the penitentiary under a conviction of assault with intent to murder.

1. When the case was called for trial an application for continuance was presented and promptly overruled and a bill of exceptions reserved. The alleged absent witnesses were Tom Johnson, stated to reside in the city of Dallas, Dallas County, and F. Little, residing at Guthrie, Oklahoma. Process had been issued on the 24th of March for Tom Johnson, but no return had been made on it, and he files as an excuse for want of diligence for Little that he did not know to what county to have the subpoena issued, for "at the time he was in transit." He expected to prove by Little that at the time he, defendant, entered the railroad coach, that Little was sitting in the coach, and when the defendant left the coach with a pistol in his hand, Little followed him prior to the time there had been any shots exchanged, and saw the whole transaction as it occurred from the time defendant left the coach with the pistol until after the shooting was over and the appearance of some of the train crew on the scene; that he was the only eyewitness that saw the whole transaction as it occurred from the time the defendant procured the pistol until after the shooting. He also expected to prove by Little the mental and physical condition of appellant at the time appellant entered the coach when he procured the pistol, and that Little will testify that appellant at the time of entering said coach was covered with blood on head and face, and was in a state of great excitement and rage, and that there were no other persons in the coach at the time defendant entered except Tom Johnson, and defendant can not procure this evidence from any other source. That he expects to prove the same facts by Tom Johnson, and that he did not shoot at Miles, the assaulted party, as charged in the indictment; and he further expects to prove that Miles fired his pistol at the defendant before the defendant fired.

The evidence, in substance, is that appellant was porter on the San Antonio & Aransas Pass Railway from Kenedy to Corpus Christi, and Miles, the alleged assaulted party, had charge of the baggage car. On the baggage car, among other things, was a coop of chickens. Appellant kicked one of the slats from the coop and took a chicken from it and carried it back in the train and put it in a locker. One of the train crew informed Miles of that fact. Miles approached appellant with reference to the chicken and charged him with its theft. Appellant denied getting the chicken. Miles called him a liar, perhaps a damn liar, and accused him of stealing the chicken, and ordered him to get it and return it. Appellant admitted getting the chicken, and did return it. This occurred at a little station the witnesses call Taft. When the train left Taft appellant requested another one of the train crew to attend to his duties as porter while he went to Miles' car to talk with him about the chicken matter. On entering the car appellant told Miles he did not intend to steal

the chicken, and that he ought not accuse him of it, but Miles told him he was a liar, and that he did intend to steal it. Appellant then called Miles a damn liar, and Miles struck at him with his fist, and as appellant approached him he struck at him the second time with his fist, striking him on the head. Appellant then got Miles around the body and undertook to throw him, whereupon Miles drew his pistol and struck appellant several times on the head with it, causing blood to flow. Another one of the train crew entered the car at this juncture and separated the parties. The train had started, and then stopped. The conductor testified that no one had authority to start or stop the train except himself and appellant, who was porter. Appellant went into a car and got a pistol from the conductor's satchel and came around on the outside and fired two shots at Miles, who was in the car, Miles returning the fire. The conductor testifies that he took one pistol away from appellant, and he secured another one. Appellant testified in his own behalf that he did not intend to steal the chicken; that he took it to perpetrate a joke on Miles. He denied getting the chicken when Miles accosted him, but subsequently did admit he got the chicken; that he got it to perpetrate a joke on Miles, and that Miles called him a liar, or damn liar; that when he went in the baggage car to talk the matter over with Miles in connection with denying that he intended to steal the chicken, that Miles called him a damn liar, and that when he again reiterated his connection with taking the chicken that Miles called him a damn lying son-of-a-bitch, and it was then the first trouble came up. His testimony and Miles' are practically the same with reference to the first fight in the car, and Miles striking him on the head with a pistol, and the separation of them by another member of the train crew. The substance of appellant's statement in regard to the shooting is that he did not know where he shot, that he was so crazed by anger and excitement that he did not know anything for three days. The sheriff of San Patricio County stated, in this connection, that appellant sent a telegram and wrote a letter to his, appellant's, wife to secure an attorney for him. This seems to have been offered to meet appellant's statement of his ignorance or want of recollection as to what occurred. Two of the witnesses of the train crew testified that there were no parties in sight anywhere at the time of the difficulty except appellant and Miles and those who testified as eyewitnesses. None of them place Johnson or Little anywhere about the train, and appellant does not in his statement show that they were on the train at the time he secured the pistol, and the evidence for the State excludes that either one of the named witnesses was present at the time of the shooting. If they were in the car when and where he got the pistol and saw his bloody condition, as stated by appellant in his application for continuance, and would so testify, it would not be of sufficient moment to require this court to reverse the judgment. The State's case shows,

without contradiction, as did appellant himself, that Miles had struck him over the head with a pistol several times and that he was bloody. This was uncontroverted and about which there was no issue. Had there been an issue as to blows inflicted, or the blood about his head and face, the testimony of these absent witnesses, if they had seen it, might have been of some importance, but not under the condition of this record. As before stated, that was an admitted fact, and testified to by all the witnesses. All the witnesses who testified show that there were no parties about the train on the outside, and appellant did not undertake to place any of them there in his testimony, he having testified in his own behalf. In fact, had Little been present and testified that he saw the shooting, it occurs to us it was of small moment, because appellant had gotten the pistol as he testified, and all the witnesses show that he had gone to the baggage car armed with a pistol and did shoot twice at Miles. Under those circumstances Little's testimony would not have been of much or serious importance, we think, but be that as it may, no witness shows that Little was present; all the testimony introduced on the subject shows that Little was not present. So, viewing the entire record in the light of the motion for a new trial, we are of opinion the court did not err in refusing to grant the continuance.

2. Appellant complains the court erred in not giving his requested instruction No. 2. This charge, if requested, is not embodied in the transcript, and we are not informed as to its contents.

3. In another ground of the motion for new trial appellant says he did not have sufficient time to prepare himself for a defense and make the necessary arrangements, as only six days elapsed between the finding of the indictment and the trial. The indictment was returned into court on March 22, and the conviction occurred on the 28th of March. There is nothing in the record to support this contention except his application for continuance. So we say, as that matter is presented it shows no merit.

4. It is contended the evidence is not sufficient to support the conviction. This question is not free from doubt. We have stated the evidence sufficiently, we think, to indicate the substance of the testimony developed on the trial. We are of opinion there is sufficient evidence introduced by the State to justify the conclusion reached by the jury. The instructions of the court submitted fully and fairly all issues arising in regard to assault to murder and aggravated assault. It defined adequate cause and sudden passion as a criterion by which the jury might ascertain whether appellant was in such condition that his offense would be no more than an aggravated assault, and no criticism is urged against any portion of the charge as given by the court.

Finding no error such as would require a reversal of the judgment it is affirmed.

*Affirmed.*